Daniels, J.
The action was brought to obtain the transfer of two certificates for shares issued by the Mutual Benefit Ice Company. They appear to have been owned during her life-time, by Elizabeth Stevens, and after her decease they were transferred on the books of the company to her surviving husband George W. Stevens. This transfer took place in January, 1876, and Stevens died in 1884, and it was not until after his decease that this action was commenced. To support .the plaintiff’s right to maintain it, proof was given tending to show that the shares had been delivered to her by her sister Mrs. Stevens, in trust for Amy W. Brown, who was the grand-niece of Mrs. Stevens, and that the object of this delivery was for her to hold the shares for the benefit of Amy, who was an infant under the age of twenty-one years. At the close of the proof the court considering the evidence to be insufficient to sustain the plaintiffs’ title dismissed the complaint, to which her counsel excepted. And the only question in the case is, whether the view taken at that time of the effect of the evidence was, or was not, erroneous.
To maintain the action, evidence was given very directly tending to establish the fact that Mrs. Stevens was the owner of these shares during her life-time, although they were imperfectly described by the witnesses. It did, however, appear that these shares stood in her name prior to . her decease, and their transfer on the books of the company to her husband, the defendants deceased testator. And the evidence indicated the fact to be that she had no other bonds or stock in any ice company, or enterprise, than these. And the reasonable presumption from the proof was that these shares were referred to by her in the conversations ptoved to have taken place with her, and also with her husband, and that she intended that her grand-niece Amy, should have the benefit of, and be the recipient of these shares. Before the decease of Mrs. Stevens, the shares were shown to have passed into the possession of the plaintiff, but being a party to the action she was not competent to state the conversation, or transaction, between herself and Mrs. Stevens, through which she obtained their possession.
But it was made to appear by the testimony of a witness examined upon the trial, and whose evidence was not contradicted, that Mr. Stevens a few months after his wife was.buried said to the witness “I went to Mrs. Scobie to get Lib’s papers that she gave to Jane for Amy, I says “Oh! what did you do that for? He says “to keep them *286 for Amy Brown.” Isays “you have them for her?” and he says “I will take care of them; Amy will have them, I expect to put them away for Amy.” And the same witness testified that Mrs. Stevens having her money and her papers said they were for Amy Brown. She added, “ She always told me so. I always understood that they were for her when she died. After she died George called and told me that he had taken care of Lib’s papers.” The witness was unable to describe the papers, but stated that Mrs. Stevens informed her that they were papers that had dividends upon them, and that she thought the Ice Company had been mentioned, and knew “they were ice bonds, or whatever papers the name was. ” That Mrs. Stevens said she had ice bonds or papers. It seemed to be mixed up. She had ice papers or ice stock. It further appeared that they were in the possession of the plaintiff for seven days prior to the decease of Mrs. Stevens, and that she surrendered them to the testator the next day after the funeral, and had no other certificates of stock at any time in her possession. While it is true that this evidence was to some extent indefinite the fair import of it still established the fact by a very strong probability, that these shares were designed by Mrs. Stevens their owner for her grand-niece Amy W. Brown, and that they were placed in the possession of the plaintiff to carry that design into effect, and that it was recognized and acknowledged by her husband, the deceased testator, who obtained the shares from • the plaintiff avowedly to keep them for the benefit of this individual. And that sufficiently established her title to the shares to entitle the plaintiff who was entrusted with them for the benefit of Amy to a recovery in this action. It is true that the lapse of time was a circumstance against the plaintiff, but the beneficiary, who was a minor of the age only of sixteen years on the 10th of June, 1885, should not be prejudiced or deprived of her property, because of the neglect of the plaintiff to bring an earlier action for the vindication of her rights. The beneficiary is chargeable with no laches, or delay, in this respect, and the trustee may very well have been induced to delay her action by the circumstance that the testator Mr. Stevens had avowed his design to be to hold the shares for the benefit of Amy, and could have been expected to do so by the plaintiff up to the time of his decease, which did not take place until the 10th of February 1884. As the case was presented, and the evidence given to sustain it was uncontradicted, and by its fair construcr tion and effect sustained the right of the plaintiff as trustee to these shares, it should not have been dismissed as it was *287 at the close of the trial. And judgment should be reversed and a new trial ordered with costs to abide the event.
Brady and Bartlett, JJ., concur.